**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Brandon Sherrod,**
**Petitioner Below, Petitioner**

**vs.)**     **No. 21-0872** (Kanawha County 21-P-246)

**Lisa Walton, Superintendent, Denmar**
**Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Brandon Sherrod appeals the September 23, 2021, order of the Circuit Court of Kanawha County summarily denying his third petition for a writ of habeas corpus. The circuit court, in summarily denying the petition, found that petitioner failed to provide adequate factual allegations to support his claim of ineffective assistance of habeas counsel. Respondent Lisa Walton, Superintendent, Denmar Correctional Center, by counsel Patrick Morrisey and William E. Longwell, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises out of the shooting death in James Williams ("the victim") in 2009. Trial testimony showed that petitioner and his co-defendant were driven to the home where the victim was located, and the two stood outside the kitchen window. When the victim entered the kitchen, petitioner and his co-defendant shot through the window and killed the victim. The co-defendant testified that he was only attempting to scare the victim but that petitioner was deliberately aiming at the victim. The driver of the vehicle testified that, after petitioner and his co-defendant returned, petitioner noted that he had shot the victim and later laughed about it. The jury returned a verdict

1

finding petitioner guilty of first-degree murder with a recommendation of mercy. Accordingly, the circuit court sentenced petitioner to a life term of incarceration with the possibility of parole.

In *State v. Sherrod* ("*Sherrod I*"), No. 11-1121, 2012 WL 5857302 (W. Va. Nov. 19, 2012) (memorandum decision), petitioner appealed from his conviction, alleging that insufficient evidence existed to establish the element of premeditation to commit murder and that the circuit court erred in refusing to grant a mistrial following the improper testimony of a witness. *Id.* at *1-2.[1] This Court rejected these assignments of error and affirmed petitioner's conviction. *Id.* In rejecting petitioner's insufficiency of the evidence argument, the Court determined that a rational trier of fact could have reasonably found that (1) petitioner's friend put a "hit" on the victim; (2) petitioner brought a gun to the scene; (3) petitioner later noted that he had shot the victim and laughed about it; and, therefore, (4) petitioner planned the murder. *Id.*

In 2013, petitioner filed two petitions for a writ of habeas corpus which the circuit court dismissed by separate orders entered August 23, 2013, and February 5, 2014. In *Sherrod v. Ballard* ("*Sherrod II*"), Nos. 13-1141 and 14-0232, 2014 WL 4662484 (W. Va. Sept. 19, 2014) (memorandum decision), this Court affirmed the dismissal of the first habeas petition but reversed the dismissal of the second petition. *Id.* at *4. The Court remanded petitioner's case to the circuit court for appointment of habeas counsel and a hearing on his claim of ineffective assistance of trial counsel. *Id.*

Thereafter, the circuit court, in accordance with *Sherrod II*, appointed habeas counsel to represent petitioner, who filed an amended petition on petitioner's behalf. At a May 18, 2017, evidentiary hearing, petitioner presented the testimony of his trial counsel and an expert regarding the standard of care for criminal defense attorneys in support of six ineffective assistance claims. The circuit court, by order entered on July 31, 2017, denied the amended petition. In *Sherrod v. Ames* ("*Sherrod III*"), No. 17-0726, 2019 WL 912831 (W. Va. Feb. 22, 2019) (memorandum decision), this Court affirmed the denial of the amended petition, adopting "the circuit court's well-reasoned findings and conclusions." *Id.* at *2.

Petitioner filed his third habeas petition on July 20, 2021, alleging that his habeas counsel, appointed by the circuit court in accordance with *Sherrod II*, was ineffective. Based upon its review of the petition, the circuit court, by order entered on September 23, 2021, found that a hearing was unnecessary and habeas relief was not merited because the petition failed to provide adequate factual allegations to support petitioner's claim of ineffective assistance of habeas counsel. In summarily denying the petition, the circuit court relied upon Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia ("Habeas Rule 4(c)"), which provides, in pertinent part: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the

---

[1]The witness was asked whether petitioner looked the same as he had at the time of the shooting and answered that "petitioner actually looked healthier [since] his incarceration." *Id.* at *2.

petitioner to be notified of any summary dismissal." The circuit court complied with Habeas Rule 4(c)'s requirement that it notify petitioner of its summary denial of the petition by directing the circuit clerk to "send certified copies of this order to all parties of record."

Petitioner now appeals the circuit court's September 23, 2021, order summarily denying the instant habeas petition. We review a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner asks this Court to reverse the circuit court's summary denial of his habeas petition and remand the case for an evidentiary hearing on his allegations that his habeas counsel was ineffective. Respondent counters that the petition's summary denial should be affirmed. Respondent further argues that petitioner fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal."

Here, the appellate record does not include the habeas petition at issue in this appeal. In *State v. Honaker*, 193 W. Va. 51, 454 S.E.2d 96 (1994), we reasoned that this Court must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim." *Id.* at 56 n.4, 454 S.E.2d at 101 n.4. Based upon on our review of the items that are in the appellate record,[2] we find no cause to disturb the circuit court's finding that petitioner failed to set forth adequate factual support for his ineffective assistance of habeas counsel claim.

In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we found that the assertion

---

[2]The appellate record contains discharge summaries from Highland Hospital detailing petitioner's mental health issues during 2001 and 2004; the transcript of the May 18, 2017, evidentiary hearing following this Court's remand of petitioner's second habeas proceeding in *Sherrod II*; the circuit court's July 31, 2017, order denying petitioner's amended petition that this Court affirmed in *Sherrod III*; an August 2, 2019, letter from the adult probation department of the Thirteenth Judicial Circuit, stating that a presentence investigation report was not prepared for petitioner's criminal case; and the circuit court's September 23, 2021, order summarily denying petitioner's instant habeas petition.

of a habeas claim "without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Id.* at 771, 277 S.E.2d at 612. Therefore, we find that the circuit court did not abuse its discretion in summarily denying petitioner's third petition for a writ of habeas corpus.

For the foregoing reasons, we affirm the circuit court's September 23, 2021, order.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

4